**REITLER KAILAS & ROSENBLATT LLC**
Yann Geron
Brett Van Benthysen
885 Third Avenue, 20th Floor
New York, New York 10022
(212) 209-3050

**THE LAW OFFICES OF NEAL BRICKMAN, P.C.**
Neal Brickman
The GrayBar Building
420 Lexington Avenue, Suite 2440
New York, New York 10170
(212) 986-6840

*Attorneys for Rick Alan Davidson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> RICK ALAN DAVIDSON, <br><br> Debtor. | Chapter 7 <br><br> Case No. 19-11486 (SMB) |
| JEFFERIES, LLC AND <br> JEFFERIES GROUP, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> RICK ALAN DAVIDSON, <br><br> Defendant. | Adversary Proceeding <br><br> Case No. 19-01395 (SMB) |

**ANSWER TO COMPLAINT (I) TO DECLARE CERTAIN DEBTS
NON-DISCHARGEABLE UNDER 11 U.S.C. § 523, AND
(II) OBJECTING TO DISCHARGE UNDER 11 U.S.C. § 727**

Defendant Rick Alan Davidson ("Defendant"), by his attorneys, hereby answers the

Complaint (I) to Declare Certain Debts Non-Dischargeable under 11 U.S.C. § 523, and (II)

Objecting to Discharge under 11 U.S.C. § 727, filed on November 11, 2019 (the "Complaint"), by Plaintiffs Jefferies, LLC and Jefferies Group, LLC ("Plaintiffs"), as follows:

## ANSWER TO INTRODUCTION

1. Defendant denies the allegations in paragraph 1 of the Complaint.

2. Defendant denies the allegations in paragraph 2 of the Complaint.

## ANSWER TO JURISDICTION

3. Paragraph 3 of the Complaint states the legal opinions and conclusions of Plaintiff to which no answer is required. To the extent that a response is required, Defendant admits the allegations contained therein.

4. Paragraph 4 of the Complaint states the legal opinions and conclusions of Plaintiff to which no answer is required. To the extent that a response is required, Defendant admits the allegations contained therein.

5. Paragraph 5 of the Complaint states the legal opinions and conclusions of Plaintiff to which no answer is required. To the extent that a response is required, Defendant admits the allegations contained therein.

6. Paragraph 6 of the Complaint states the legal opinions and conclusions of Plaintiff to which no answer is required. To the extent that a response is required, Defendant admits the allegations contained therein.

## ANSWER TO PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, except admits that Jefferies Group LLC is the holder of a promissory note executed by Defendant.

9. Defendant admits the allegations in the first sentence of paragraph 9 of the Complaint. Defendant denies the allegations in the second sentence of paragraph 9 of the Complaint.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

## ANSWER TO GENERAL ALLEGATIONS

**I. Answer to Jefferies Hires Defendant as an At-Will Employee and Defendant Agrees to Comply with the Firm's Policies.**

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint, except admits that he signed an offer letter and refers to that document for a complete and accurate statement of its contents.

13. Defendant denies the allegations in paragraph 13 of the Complaint and refers to the document referenced in the second sentence for a complete and accurate statement of its contents, except admits the allegations in the first sentence of paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint, except admits that he spoke with Jefferies' management during the vetting process and was hired by Jefferies.

15. Defendant denies the allegations in paragraph 15 of the Complaint and refers to the document referenced therein for a complete and accurate statement of its contents.

## II. Answer to The Promissory Note.

16. Defendant denies the allegations in paragraph 16 of the Complaint, except admits that Defendant executed promissory note with Jefferies, and refers to the document referenced therein for a complete and accurate statement of its contents.

17. Defendant denies the allegations in paragraph 17 of the Complaint and refers to the document referenced therein for a complete and accurate statement of its contents.

## III. Answer to Defendant Obtained the Loan from Jefferies under False Premises and Based on False Representations.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant admits the allegation in paragraph 19 of the Complaint that Morgan Stanley filed a Form U5 with FINRA after Defendant was hired by Jefferies reporting that Defendant had resigned from Morgan Stanley, denies the remaining allegations in paragraph 19 and refers to the document referenced therein for a complete and accurate statement of its contents.

20. Defendant admits the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant admits the allegations in paragraph 22 of the Complaint that he was the subject of an investigation in 2011 by Morgan Stanley and that Morgan Stanley issued a disciplinary letter, denies the remaining allegations and refers to the document referenced therein for a complete and accurate statement of its contents.

23. Defendant admits the allegations in paragraph 23 of the Complaint that he was the subject of an investigation in 2012 by Morgan Stanley and that Morgan Stanley issued a disciplinary letter, denies the remaining allegations and refers to the document referenced therein for a complete and accurate statement of its contents.

24. Defendant denies the allegations in paragraph 24 of the Complaint, except admits that he signed a "Last Chance Agreement" with Morgan Stanley and refers to the document referenced therein for a complete and accurate statement of its contents.

25. Defendant admits the allegations in paragraph 25 of the Complaint that FINRA issued a Cautionary Action Letter in May 2013 to Defendant, denies the remaining allegations and refers to the document referenced therein for a complete and accurate statement of its contents.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 26 of the Complaint, except admits that Morgan Stanley emailed Defendant on March 15, 2016 and refers to that document for a complaint and accurate statement of its contents.

28. The second sentence of paragraph 28 of the Complaint states the legal opinions and conclusions of Plaintiffs to which no answer is required. To the extent that a response is required, Defendant denies the allegations contained therein. Defendant denies the remaining allegations in paragraph 28, except admits the he knew about a Morgan Stanley investigation in 2011.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint and refers to the document referenced therein for a complete and accurate statement of its contents.

31. Defendant denies the allegations in paragraph 31 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 concerning Plaintiffs' reliance.

**IV.** **Answer to Jefferies Terminates Defendant and Commences FINRA Arbitration.**

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant admits the allegations in paragraph 33 of the Complaint.

V. **Answer to Defendant Files Bankruptcy.**

34. Defendant denies the allegations in paragraph 34 of the Complaint, except admits that the Petition Date is May 7, 2019.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

VI. **Answer to Defendant's Bankruptcy Filing Contains Material Omissions and Errors.**

37. Defendant admits the allegations in paragraph 37 of the Complaint.

38. Defendant admits the allegations in paragraph 38 of the Complaint.

39. Defendant admits the allegations in paragraph 39 of the Complaint.

40. Defendant admits the allegations in paragraph 40 of the Complaint.

41. Defendant admits the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint states the legal opinions and conclusions of Plaintiffs to which no answer is required. To the extent that a response is required, Defendant denies the allegations contained therein.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant admits the allegations in paragraph 50 of the Complaint, except denies that the condominium is a luxury oceanfront building.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denied the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant admits the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

**VII. Answer to Concealment of Assets and Failure to Explain Dissipation of Assets.**

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant admits the allegations in paragraph 61 of the Complaint.

62. Defendant admits the allegations in paragraph 62 of the Complaint.

63. Defendant admits the allegations in paragraph 63 of the Complaint.

64. Defendant admits the allegations in paragraph 64 of the Complaint.

65. Defendant admits the allegations in the first sentence of paragraph 65 of the Complaint. Defendant denies the allegations in the second sentence of paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

68. Defendant denies the allegations in paragraph 68 of the Complaint.

69. Defendant denies the allegations in paragraph 69 of the Complaint.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

## VIII. Answer to Defendant and Ms. Stearns have Engaged in Dilatory and Evasive Discovery Practices.

71. Defendant denies the allegations in paragraph 71 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 concerning Ms. Stearns.

72. Defendant denies the allegations in paragraph 72 of the Complaint, , except lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 concerning Ms. Stearns.

73. Defendant denies the allegations in paragraph 73 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 concerning Ms. Stearns.

74. Defendant denies the allegations in paragraph 74 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 concerning Ms. Stearns.

75. Defendant denies the allegations in paragraph 75 of the Complaint.

## IX. Answer to Attempted Conversion to Chapter 7.

76. Defendant admits the allegations in paragraph 76 of the Complaint.

77. Defendant admits the allegations in paragraph 77 of the Complaint, except states that the Court granted Defendant's Motion to Convert the Chapter 11 Case to a Chapter 7 case on December 3, 2019.

## ANSWER TO CLAIMS FOR RELIEF

## CLAIM I

### (Non-dischargeability under 11 U.S.C. § 523(a)(2)(A))

78. Defendant hereby incorporates the responses to paragraphs 1-77 above as if fully set forth herein.

79. Paragraph 79 states the legal opinions and conclusions of Plaintiffs to which no answer is required. To the extent that a response is required, Defendant denies the allegations contained therein.

80. Defendant denies the allegations in paragraph 80 of the Complaint.

81. Defendant denies the allegations in paragraph 81 of the Complaint.

82. Defendant denies the allegations in paragraph 82 of the Complaint.

83. Defendant denies the allegations in paragraph 83 of the Complaint.

WHEREFORE, Defendant denies that Plaintiffs are entitled to relief.

## CLAIM II

### (11 U.S.C. §727(a)(2) – Transfer or Concealment with Actual Intent to Hinder, Delay or Defraud a Creditor)

84. Defendant hereby incorporates the responses to paragraphs 1-83 above as if fully set forth herein.

85. Paragraph 85 states the legal opinions and conclusions of Plaintiffs to which no answer is required. To the extent that a response is required, Defendant denies the allegations contained therein.

86. Defendant denies the allegations in paragraph 86 of the Complaint.

87. Defendant denies the allegations in paragraph 87 of the Complaint.

88. Defendant denies the allegations in paragraph 88 of the Complaint.

WHEREFORE, Defendant denies that Plaintiffs are entitled to relief.

## CLAIM III

### (11 U.S.C. §727(a)(3) – Concealment or Destruction of Books and Records)

89. Defendant hereby incorporates the responses to paragraphs 1-88 above as if fully set forth herein.

90. Paragraph 90 states the legal opinions and conclusions of Plaintiffs to which no answer is required. To the extent that a response is required, Defendant denies the allegations contained therein.

91. Defendant admits the allegations in paragraph 91 of the Complaint.

92. Defendant admits the allegations in paragraph 92 of the Complaint.

93. Defendant denies the allegations in paragraph 93 of the Complaint.

94. Defendant denies the allegations in paragraph 94 of the Complaint.

95. Defendant denies the allegations in paragraph 95 of the Complaint.

96. Defendant denies the allegations in paragraph 96 of the Complaint.

WHEREFORE, Defendant denies that Plaintiffs are entitled to relief.

## CLAIM IV

### (11 U.S.C. §727(a)(4)(A) – False Statements)

97. Defendant hereby incorporates the responses to paragraphs 1-96 above as if fully set forth herein.

98. Paragraph 98 states the legal opinions and conclusions of Plaintiffs to which no answer is required. To the extent that a response is required, Defendant denies the allegations contained therein.

99. Defendant admits the allegations in paragraph 99 of the Complaint.

100. Defendant denies the allegations in paragraph 100 of the Complaint.

101. Defendant denies the allegations in paragraph 101 of the Complaint.

102. Defendant denies the allegations in paragraph 102 of the Complaint.

WHEREFORE, Defendant denies that Plaintiffs are entitled to relief.

## CLAIM V

### (11 U.S.C. §727(a)(5) – Failure to Explain Losses)

103. Defendant hereby incorporates the responses to paragraphs 1-102 above as if fully set forth herein.

104. Paragraph 98 states the legal opinions and conclusions of Plaintiffs to which no answer is required. To the extent that a response is required, Defendant denies the allegations contained therein.

105. Defendant admits the allegations in paragraph 105 of the Complaint.

106. Defendant admits the allegations in paragraph 106 of the Complaint.

107. Defendant denies the allegations in paragraph 107 of the Complaint.

108. Defendant denies the allegations in paragraph 108 of the Complaint.

109. Defendant denies the allegations in paragraph 109 of the Complaint.

110. Defendant denies the allegations in paragraph 110 of the Complaint.

111. Defendant denies the allegations in paragraph 111 of the Complaint.

WHEREFORE, Defendant denies that Plaintiffs are entitled to relief.

Dated: January 6, 2020

Respectfully submitted,

**REITLER KAILAS & ROSENBLATT LLC**

By: _s/ Yann Geron_
Yann Geron
Brett Van Benthysen
885 Third Avenue, 20th Floor
New York, New York 10022
(212) 209-3050

**THE LAW OFFICES OF NEAL BRICKMAN, P.C.**

By: *s/ Neal Brickman*
    Neal Brickman
    The GrayBar Building
    420 Lexington Avenue, Suite 2440
    New York, New York 10170
    (212) 986-6840

*Attorneys for Rick Alan Davidson*